## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN BUTLER,

      Plaintiff,

      v.

LAUREL HARRY,

      Defendant.

CIVIL ACTION NO. 3:26-cv-00739

(SAPORITO, J.)

## ORDER

John Butler, incarcerated at SCI-Mahanoy, has filed a complaint about the procedures of the Pennsylvania Department of Corrections for deducting court filing fees from prisoners' accounts. (Doc. 1). Because Butler plainly alleges that he has not exhausted administrative remedies, the complaint will be dismissed without prejudice, and the case will be closed.

### I.   BACKGROUND

Butler's complaint[1] concerns an alleged "change in the policy" for deduction of federal court filing fees. Butler claims that the new policy "calls for 100% to be taken from prisoners" toward filing fees. This policy

---

[1] Although the complaint refers to several "documents affixed" as exhibits, no exhibits were attached to the complaint.

was allegedly "orchestrated" by Laurel Harry, the Secretary of the Department of Corrections, "to deter prisoners from filing suits against prison staff." Butler alleges that he was a victim of these improper deductions on February 6, 2026, when $80.29 was deducted from his account.

Butler claims that these deductions constitute retaliation, a denial of access to the courts, and cruel and unusual punishment, because he lacks finances to "forward legal documents to the courts," pay for other litigation expenses, or purchase "soap, deodorant, shampoo, toothpaste, etc." He also claims a violation of the Fourteenth Amendment on the basis that he "signed a 'contract' with the courts which stated no more than '20%' would be deducted from his account, it did not state that it would total 100%."

Butler requests monetary and declaratory relief, as well as preliminary and permanent injunctive relief. He concedes that he has not exhausted administrative remedies, but asks the Court to "rule on his preliminary injunction as the grievance process proceeds."

## II.  DISCUSSION

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil

complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. § 1997e(a). Generally, a complaint is not deficient because of a plaintiff's failure to demonstrate exhaustion of administrative remedies. *See Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-

plaintiff."). However, a complaint is subject to dismissal for failure to state a claim "where the complaint reveals the exhaustion defense on its face." *Thomas v. Brinich*, 579 F. App'x 60, 62 (3d Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 215-16 (2007)).

Here, it is apparent from Butler's own allegations that he has not exhausted administrative remedies. He essentially requests that he be permitted to pursue administrative remedies and federal litigation in parallel, but that is not permitted. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) ("[A] prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."); *see also Green v. Dep't of Corr.*, 393 Fed. Appx. 20, 24 (3d Cir. 2010). Therefore, the complaint will be dismissed without prejudice.

Butler is further advised that even if his complaint could be considered, it appears to rely on a misunderstanding of filing fee procedures. His certified prison account statement confirms that on February 6, 2026, $80.29 was taken from his account for the partial payment of filing fees in five different federal cases. (Doc. 12 at 2). However, it is not the case that "100%" was taken from his account;

rather, $10.00 remained in the account. *See* (*id.*). This procedure is mandated by the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(b)(2) ("The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."). Although 20 percent of a prisoner's monthly income is attributed to each filing fee, a prisoner who files multiple cases may be required to pay multiple fees simultaneously. *See Bruce v. Samuels*, 577 U.S. 82 (2016). The statute does not provide that "no more than '20%'" will ever be deducted from a prisoner's account. *See* 28 U.S.C. § 1915(b).

III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    Upon review of his prisoner account statement, the plaintiff's application for leave to proceed *in forma pauperis* (Doc. 11) is **GRANTED**. The plaintiff's prior motion seeking the same relief (Doc. 7) is **DENIED as moot**;

2.    The plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the

litigation;

3.      Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the superintendent or warden, or other appropriate official at the plaintiff's place of confinement, is directed to deduct an initial partial filing fee of 20% of the greater of:

a.      the average monthly deposits in the inmate's prison account for the past six months, or

b.      the average monthly balance in the inmate's prison account for the past six months.

This initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in the plaintiff's inmate trust fund account exceeds $10.00, the superintendent or warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to the plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4.    The Clerk is directed to **SEND** a copy of this order to the superintendent or warden of the institution where the plaintiff is presently confined;

5.    This complaint (Doc. 1) is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e, for the plaintiff's failure to state a claim for relief based on his failure to exhaust administrative remedies;

6.    Plaintiff's "Motion Seeking Leave . . . to Submit Filings Through a Third Party" (Doc. 10) is **DENIED as moot**;

7.    The Clerk is **DIRECTED** to close this case.


Dated: June 3, 2026                     *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge